EMMA WILBURN WALTON v. P. J. LYONS, Admr., et al.

Western Section. November 25, 1927.

No petition for Certiorari was filed.

1. Insurance. Evidence. Evidence examined and held insufficient to show a verbal assignment of insurance.

Where the evidence showed that deceased turned over to complainant before her death certain insurance policies but the evidence did not show clearly that it was with the intent for complainant to have the insurance as a gift, held that there was no evidence to justify the court finding a verbal assignment of the insurance policies.

2. Trial. The court need not instruct the jury on pure questions of law.

In an action on insurance policies where complainant claimed the policies under a verbal assignment and assigned as error the fact that the court did not instruct the jury on what would constitute a parol assignment, held that it was not necessary for the court to so instruct the jury, for the issues of facts were so framed as to have a finding by the jury of the facts and it was a matter of law for the Chancellor to apply the law to the facts.

Appeal from Chancery Court, Shelby County; Hon. M. C. Ketchum, Chancellor.

Affirmed.

B. F. Booth, of Memphis, for appellant.

Bell & Phillips, of Memphis, for appellee.

SENTER, J. The original bill of complainant charged that Mary Timothy died about April 19, 1924; that at the time of her death she had certain life insurance policies on her life; that one of these policies was with the American Life Insurance Company in the sum of $84; one with the Mississippi Life Insurance Company for $384; one with the National Sick and Accident Insurance Company for $53, and one with the Metropolitan Life Insurance Company for $175. The bill charges that these four life insurance policies were delivered by the deceased to the complainant shortly before her death with the understanding that complainant was to collect from the respective insurance companies the amounts of the policies and retain the proceeds as a gift from the deceased to complainant. The bill further charges that for several months before the death of

Mary Timothy, the complainant had looked after her and had given her money, and paid the premiums on said policies, and had let her have money from time to time, and that in consideration of this and other kindnesses, the deceased gave the described policies to complainant, and that this constituted a verbal assignment of the policies with delivery. The bill further charges that prior to the death of said Mary Timothy, she executed a will by which she bequeathed all the rest of her insurance to her son, with the condition that if he was not located within two and one-half years, the other insurance not given to complainant was to be used to erect a monument to the memory of said Mary Timothy, and that complainant was appointed executrix under the terms of the will; that after the death of said Mary Timothy complainant duly qualified as the executrix under said will, and proceeded to make application to the insurance company for the payment of the insurance policies, intending to apply the proceeds from the policies given to her for her own use, and the others as directed under the will; that all of said policies were payable to the estate of Mary Timothy. It is further alleged in the bill that after complainant had qualified as the executrix under said alleged will of Mary Timothy, the defendant Georgia Avery, who claimed to be a sister of the deceased Mary Timothy, subsequently filed and had probated another will, by the terms of which Mary Timothy bequeathed and devised everything, insurance and real estate, to the said Georgia Avery. The bill further alleges that upon the petition of said defendant Georgia Avery, defendant P. J. Lyons qualified as administrator of said estate, cum. testamento annexo. The bill alleges that said last will probated purports to bequeath the entire estate of Mary Timothy to her sister, defendant Georgia Avery, and that an order was entered with the order admitting the said will to probate, setting aside the probate of the first will probated, and revoking the letters testamentary issued to complainant under the will in which she was made executrix; that defendant P. J. Lyons, administrator cum. testamento annexo, had made demand upon complainant to deliver to him as such administrator all the effects and money in her hands belonging to the estate of the said Mary Timothy, and that she had in response to said demand turned over and delivered to the defendant Lyons, as administrator C. T. A., all the effects in her hands except the policies above described, and which were in her possesion at the time of the death of the testatrix, and which she alleges had been given to her, as a gift, constituting a verbal or parole assignment.. The complainant states that she had collected from the Mississippi Life Insurance Company the $384 policy, and from the National Sick and Accident Insurance Company the $53 policy, and that the American National Insurance Company and the Metropolitan Life Insurance Company had not paid to her the

respective amounts of said respective policies, The bill then alleges that unless restrained by writs of injunction the defendant would force her to pay over to P. J. Lyons as administrator of the estate, the proceeds from the said policies, and deprive her of the same. The bill prays for writs of injunction enjoining and restraining the defendants from proceeding further in the probate court of Shelby county, Tennessee, or otherwise to collect the proceeds of the policies designated in the bill, and from proceeding against the two insurance companies that had not paid to her the amount of the respective policies, and enjoining and restraining the defendants from making any further efforts to have complainant turn over to. said Lyons, administrator, the proceeds from the two policies of $384 and $53, respectively, already collected by her. And prays that the American National Insurance Company and the Metropolitan Life Insurance Company, which companies were made defendants, be required to pay the proceeds of the respective policies into court, and the proceeds to be held subject to the order of the court, and praying that complainant be given a decree declaring that complainant was entitled to the proceeds of the aforesaid policies, either as a gift causa morti, or verbal assignment.

The defendant Metropolitan Life Insurance Company filed an answer in the nature of a cross-bill, and in which it was admitted that Mary Timothy was dead, and that it had issued a life insurance policy on the life of said Mary Timothy and admitted its liabilty on said policy for the sum of $175 and 25¢ accrued interest, and alleges that it is entitled to have its answer filed as a cross-bill of interpleader, and tendered the amount of the policy into court. This answer and cross-bill was sustained as a bill of interpleader. The American National Insurance Company did not answer the bill, and an order pro confesso was duly taken against it. The defendants P. J. Lyons, administrator, cum testamento annexo, and Georgia Avery, answered the bill. By their joint answer, the death of Mary Timothy is admitted; also that at the time of her death she had the policies of life insurance on her life as alleged in the bill. They deny that the life insurance policies in question were delivered by Mary Timothy to complainant Emma Wilburn Walton with the understanding that she was to collect the same and appropriate the proceeds to her own use and benefit. They deny the allegations in the bill with reference to the alleged attention of complainants to the deceased, and as to the money alleged to have been given by the complainant to the deceased; they deny that complainant had paid any of the premiums on the policy or had let the deceased have money from time to time. They deny that there was any consideration of any kind given by complainant to deceased, and deny that the deceased made any sort of assignment of said policies to complainant, or

any gift to her of the policies. They admit that complainant had qualified as executrix under a will purporting to have been executed by the deceased, but which they alleged to have been spurious and not genuine. They admit that upon petition of defendant Georgia Avery, the defendant P. J. Lyons was duly qualified as administrator cum testamento annexo of the estate of Mary Timothy, deceased. They deny that complainant is entitled to any of the relief sought by her original bill. However, the answer is not made a cross-bill, nor is there any affirmative relief sought.

At the trial of the case, a jury having been called for, the following issues of fact were made up by the parties under the direction of the court, and submitted to the jury for its determination.

"Issue No. 1. Were the policies of insurance given by Mary Timothy to Emma Milburn Walton before her death with the understanding that she was to collect same and appropriate the proceeds to the use and benefit of Emma Wilburn Walton?

"The jury answered Issue No. 1, No.

"Issuie No. 2. Did the deceased, Mary Timothy, ever make any sort of gift or assignments of the said policies to Emma Wilburn Walton?

"The jury answered Issue No. 2, No.

"Issue No. 3. Did Emma Wilburn Walton agree with P. J. Lyons, the administrator, that she would collect said policies and turn the money over to him as administrator?

"To this issue No. 3, the jury answered, Yes."

Upon the finding by the jury on the respective issues, the Chancellor decreed a dismissal of the original bill, and a dissolution of the injunction. The complainant filed a motion for a new trial, which motion was overruled by the court, and to which action of the court in overruling the motion for a new trial and in decreeing a dismissal of the bill and a dissolution of the injunction, the complainant prayed and was granted an appeal to this court, which appeal has been perfected, and errors assigned.

By the first assignment of error it is contended by appellant that it was error for the court to submit to the jury Issue No. 3; "Did Emma Wilburn Walton agree with P. J. Lyons, the administrator, that she would collect said policies and turn the money over to him as the administrator." We deem it unnecessary to discuss this assignment of error further than to say that it was one of the issues of fact both in the pleadings and in the evidence, and for the further reason the finding of the jury on issues Nos. 1 and 2 against the complainant rendered the issue No. 3 immaterial. This assignment of error is overruled.

By the second assignment of error the entire charge of the court to the jury is challenged, on the ground that the court did not charge the plaintiffs theory of the case, and did not charge the law applica-

ble to the case, and because the court charged the jury that P. J. Lyons was the administrator under the second will with the will annexed, and that there was no evidence to support that portion of the charge.

We have examined the charge of the court, and think it fully covered the issues of fact tendered. The original bill charged, and the answer admitted, that P. J. Lyons had been duly appointed the administrator cum testamento annexo of the estate of Mary Timothy. We find no merit in this assignment of error and it is overruled.

The third assignment of error is that there is no competent or material evidence to support the verdict of the jury.

Under this assignment of error, and the legal brief of appellant, it is insisted that the witnesses both for complainant and defendant testified that the deceased Mary Timothy gave the policies to complainant in her lifetime, and that the court did not charge the jury the law as to what would constitute a verbal assignment of the policies.

We deem it unnecessary to review the evidence in detail. We are of the opinion, that even under the evidence of the complainant's witnesses with reference to the turning over of these policies of insurance to complainant, it did not constitute a verbal assignment or gift of the policies to complainant so as to entitle her to the proceeds of the policies. There is nothing in the evidence of either of complainant's witnesses that shows more than a mere turning over of these policies to complainant, there is the evidence of one of complainant's witnesses that would indicate that the turning over of the policies by the testatrix to the complainant was for the purpose of having complainant use the proceeds in defraying the expense of her burial. The complainant was engaged in the undertaking business at the time, and had previously buried the daughter of the deceased. The complainant did not bury the deceased, but this was done by another undertaker. The evidence of the defendant's witnesses completely refutes any idea that the deceased at the time she turned these policies over to complainant intended it as a gift of these policies or the proceeds thereof to the complainant.

The witnesses were examined in open court and the jury had an an opportunity of seeing the witnesses and hearing their oral evidence. The jury decided issues Nos. 1 and 2 against the claim or contention of complainant. There was material evidence to support the finding of the jury. The Chancellor by his action in overruling a motion for a new trial, concurred in the finding of the jury on the issues of fact. From an examination of the evidence contained in the record, we are of the opinion that there was not only some evidence to support the finding of the jury on the issues of fact, but that the finding of the jury on the issues is supported by a decided

preponderance of the evidence. Nor was it necessary that the court instruct the jury on the pure question of law as to what would constitute a verbal or parole assignment of the policies. The issues of fact were so framed as to have a finding by the jury of the facts, and it was a matter of law for the Chancellor to apply the law to the facts.

It results that all assignments of error are overruled, and the decree of the Chancellor is affirmed. Appellant and sureties on the appeal bond will pay the costs of this appeal.

Heiskell and Owen, JJ., concur.